IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

**JERRY HOWARD COOLEY,**

    **Petitioner,**

**v.**

                                         **No. 17-cv-1082-DRH-CJP**

**T.G. WERLICH,**

    **Respondent.**

## MEMORANDUM and ORDER

**HERNDON, District Judge:**

### I.    Introduction

Pending before the Court is a July 25, 2018 Report and Recommendation ("the Report") issued by Magistrate Judge Clifford J. Proud. (Doc. 20). Judge Proud recommends that the Court grant Respondent Werlich's motion to dismiss. (Doc. 13). The parties were allowed time to file objections to the Report and on August 24, 2018, Petitioner Cooley filed an objection. (Doc. 23). Based on the applicable law, the record and the following, the Court **ADOPTS** the Report in its entirety.

### II.    Background

Petitioner Cooley brought this *pro se* action for writ of habeas corpus under 28 U.S.C. § 2241 challenging the enhancement of his sentence as a career offender under U.S.S.G § 4B1.1. (Doc. 1). On October 20, 2017, the Court

conducted its preliminary review of the complaint pursuant to 28 U.S.C. § 1915A, the matter was referred to Judge Proud, and Petitioner Cooley was permitted to proceed with the present action. (Doc. 3).

Thereafter, Respondent Werlich filed a motion to dismiss. (Doc. 13). Specifically, Respondent Werlich alleges that this case should be summarily dismissed for two reasons: first, circuit precedent makes clear that an incorrectly calculated advisory guidelines range is not reviewable in a post-conviction proceeding. *Hawkins v. United States*, 706 F.3d 820 (7th Cir. 2013), *reh'g en banc denied*, *Hawkins v. United States*, 724 F.3d 915 (7th Cir. 2013); *United States v. Coleman*, 763 F.3d 706 (7th Cir. 2014), *as amended on denial of reh'g and reh'g en banc* (Oct. 16, 2014); and, secondly, Petitioner Cooley had no right to bring his petition in the first place because he entered into a plea agreement which bargained away his right to pursue post-conviction relief. (Doc. 13).

Pursuant to 28 U.S.C. 636(b)(1)(B), Judge Proud submitted the Report on July 25, 2018. (Doc. 20). The Report recommends that the Court grant Respondent Werlich's motion to dismiss and was sent to the parties with a notice informing them of their right to appeal by way of filing objections within 14 days of service of the Report. On August 3, 2018, Petitioner Cooley filed a motion for extension of time to file objections as to the Report. (Doc. 21). The Court granted in part and denied in part the above motion by allowing parties to file objections to the Report by August 24, 2018. (Doc. 22). On August 24, 2018, Petitioner Cooley filed an objection to the Report. (Doc. 23).

### III. Motion to Dismiss

Rule 12(b)(6) permits a motion to dismiss a complaint for failure to state a claim upon which relief can be granted. *Hallinan v. Fraternal Order of Police Chicago Lodge No. 7*, 570 F.3d 811, 820 (7th Cir. 2009). The Supreme Court explained in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007), that Rule 12(b)(6) dismissal is warranted if the complaint fails to set forth "enough facts to state a claim to relief that is plausible on its face."

Although federal pleading standards were retooled by *Twombly* and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), notice pleading remains all that is required in a complaint. "A plaintiff still must provide only 'enough detail to give the defendant fair notice of what the claim is and the grounds upon which it rests and, through his allegations, show that it is plausible, rather than merely speculative, that he is entitled to relief.'" *Tamayo v. Blagojevich*, 526 F.3d 1074, 1083 (7th Cir. 2008) (citation omitted).

The Seventh Circuit offers further guidance on what a complaint must do to withstand 12(b)(6) dismissal. The Court in *Pugh v. Tribune Co.*, 521 F.3d 686, 699 (7th Cir. 2008), reiterated the standard: "surviving a Rule 12(b)(6) motion requires more than labels and conclusions;" the complaint's allegations must "raise a right to relief above the speculative level." A plaintiff's claim "must be plausible on its face," that is, "the complaint must establish a non-negligible

probability that the claim is valid." *Smith v. Medical Benefit Administrators Group, Inc.,* 639 F.3d 277, 281 (7th Cir.2011).

### IV.     Analysis

The Court's review of the Report is governed by 28 U.S.C. § 636(b)(1), which provides in part:

> A judge of the court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions.

Fed. R. Civ. P. 72(b) also directs that the Court must only make a *de novo* determination of those portions of the report and recommendation to which specific written objection has been made. *Johnson v. Zema Sys. Corp.*, 170 F.3d 734, 739 (7th Cir. 1999). If no objection or only a partial objection is made, the Court reviews those unobjected portions for clear error. *Id*. In addition, failure to file objections with the district court "waives appellate review of both factual and legal questions." *Id*. Under the clear error standard, the Court can only overturn a Magistrate Judge's ruling if the Court is left with "the definite and firm conviction that a mistake has been made." *Weeks v. Samsung Heavy Indus. Co., Ltd.*, 126 F.3d 926, 943 (7th Cir. 1997).

**Petitioner Cooley's Writ of Habeas Corpus Under 28 U.S.C. §2241 Fails.**

In his claim, Petitioner Cooley alleges that his prior Missouri conviction for second degree robbery no longer qualifies as a crime of violence for purposes of

the career offender enhancement under U.S.S.G. § 4B1.1 and now challenges the enhancement of his sentence under U.S.S.G. § 4B1.1. Respondent Werlich moves to dismiss this claim for two reasons. First, Respondent Werlich, in their motion to dismiss, argues that Petitioner Cooley cannot bring his claim in a § 2241 petition because a sentence calculated under the advisory Sentencing Guidelines does not constitute a miscarriage of justice. Additionally, and in the alternative, Respondent Werlich argues that Petitioner Cooley waived his right to bring a collateral attack by entering into a plea agreement that waived such rights. Petitioner Cooley claims that his confinement is unlawful pursuant to *Mathis v. United States*, 136 S. Ct. 2243 (2016) because "the Career Offender Statute has been broadened by the use of the prior offense that does not constitute a crime of violence under the Career Offender Meaning." (Doc. 1).

As to Petitioner Cooley's petition Judge Proud found that circuit precedent makes clear that an incorrectly calculated advisory guidelines range is not reviewable in a post-conviction proceeding when the defendant was sentenced in the post-*Booker* era. Specifically, Judge Proud found that:

> The issue in *Hawkins* was the same as the issue raised by petitioner here: the use of a prior conviction that would allegedly no longer qualify as a predicate conviction for the career offender enhancement under current law. In its supplemental opinion on denial of rehearing in *Hawkins*, the Court succinctly summarized its holding: "an error in calculating a defendant's guidelines sentencing range does not justify post-conviction relief unless the defendant had, as in *Narvaez v. United States*, 674 F.3d 621 (7th Cir.2011), been sentenced in the pre-*Booker* era, when the guidelines were mandatory rather than merely advisory." *Hawkins*, 724 F.3d at 916. Under the binding precedent of *Hawkins*, the petition should be dismissed.

(Doc. 20, p. 6).

Therefore, after *de novo* review, the Court finds that Judge Proud was correct in his application of why Petitioner Cooley's petition is legally barred under Seventh Circuit law. *See Hawkins v. United States*, 706 F.3d 820 (7th Cir. 2013), *reh'g en banc denied*, *Hawkins v. United States*, 724 F.3d 915 (7th Cir. 2013); *United States v. Coleman*, 763 F.3d 706 (7th Cir. 2014), *as amended on denial of reh'g and reh'g en banc* (Oct. 16, 2014). The Court finds that Petitioner Cooley's objection merely takes umbrage with the current legal precedent that prohibits post-conviction relief for an error in calculating a defendant's sentencing guideline range when a defendant was sentenced in the post-*Booker* era where guidelines are advisory, not mandatory.

Additionally, notwithstanding *Hawkins* and *Coleman*, Petitioner Cooley's collateral attack is also barred by the waiver in his plea agreement which states in part that petitioner is waiving "all rights to contest conviction or sentence in any post-conviction proceeding, including one pursuant to Title 28, United States Code, Section 2255, except for claims of prosecutorial misconduct or ineffective assistance of counsel." The record before the Court provides no reason for the Court to doubt Judge Proud's determination. Finally, having also reviewed all portions of the Report to which no objections were made, the Court is satisfied that, on its face, no clear error exists.

## Conclusion

Accordingly, the Court **ADOPTS** the Report in its entirety (Doc. 20) and

**GRANTS** Respondent Werlich's motion to dismiss. (Doc. 13). The Court **DISMISSES with prejudice** Petitioner Cooley's petition. (Doc. 1).

**IT IS SO ORDERED.**

Judge Herndon
2018.09.05
14:34:50 -05'00'

**United States District Judge**