IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

**JERRY HOWARD COOLEY,**

    **Petitioner,**

v.                                                                               No. 17-cv-1082-DRH-CJP

**T.G. WERLICH,**

    **Respondent.**

**MEMORANDUM and ORDER**

**HERNDON, District Judge:**

## I. Introduction

Before the Court is Petitioner's Motion for Reconsideration (Doc. 26) of the Court's September 5, 2018 Order (Doc. 24) adopting the Report and Recommendation ("R&R") (Doc. 20), issued on July 25, 2018, by Magistrate Judge Proud, recommending the Court grant Respondent's Motion to Dismiss (Doc. 13) and dismiss the habeas litigation with prejudice. Specifically, Petitioner moves the Court to reconsider its reliance on *Hawkins*. Based on the following, the Court **DENIES** the motion.

## II. Background

Petitioner Cooley brought this *pro se* action for writ of habeas corpus under 28 U.S.C. § 2241 challenging the enhancement of his sentence as a career offender under U.S.S.G § 4B1.1. (Doc. 1). On November 30, 2017, Respondent filed a motion

to dismiss. (Doc. 13). Specifically, Respondent alleges that this case should be summarily dismissed for two reasons: first, circuit precedent makes clear that an incorrectly calculated advisory guidelines range is not reviewable in a post-conviction proceeding. *Hawkins v. United States*, 706 F.3d 820 (7th Cir. 2013), *reh'g en banc denied*, *Hawkins v. United States*, 724 F.3d 915 (7th Cir. 2013); *United States v. Coleman*, 763 F.3d 706 (7th Cir. 2014), *as amended on denial of reh'g and reh'g en banc* (Oct. 16, 2014); and, secondly, Petitioner had no right to bring his petition in the first place because he entered into a plea agreement which bargained away his right to pursue post-conviction relief. (Doc. 13).

On July 25, 2018, Judge Proud submitted his R&R recommending the Court grant Respondent's Motion to Dismiss. (Doc. 20). On September 5, 2018, the Court adopted the R&R in its entirety and dismissed with prejudice Petitioner's petition. (Doc. 24). Petitioner now moves the Court to reconsider its September 5, 2018 Memorandum and Order granting Respondent's Motion to Dismiss. (Doc. 26).

### III.   Standard of Review

Rule 59(e) motions serve a narrow purpose and must clearly establish either: (1) a manifest error of law or fact or (2) present newly discovered evidence. *Moro v. Shell Oil Co.*, 91 F.3d 872, 876 (7th Cir. 1996); *Federal Deposit Ins. Corp. v. Meyer*, 781 F.2d 1260, 1268 (7th Cir. 1986); *Publishers Resource, Inc. v. Walker-Davis Publications, Inc.*, 762 F.2d 557, 561 (7th Cir. 1985). "The rule essentially enables a district court to correct its own errors, sparing the parties and the appellate courts the burden of unnecessary appellate proceedings." *Russell v.*

*Delco Remy Div. of General Motors Corp.*, 51 F.3d 746, 749 (7th Cir. 1995) (citation omitted).

### IV.     Analysis

As stated in the Court's previous order, Petitioner's petition is legally barred under Seventh Circuit law. *See Hawkins v. United States*, 706 F.3d 820 (7th Cir. 2013), *reh'g en banc denied*, *Hawkins v. United States*, 724 F.3d 915 (7th Cir. 2013); *United States v. Coleman*, 763 F.3d 706 (7th Cir. 2014), *as amended on denial of reh'g and reh'g en banc* (Oct. 16, 2014). Petitioner's objection merely takes umbrage with the current legal precedent that prohibits post-conviction relief for an error in calculating a defendant's sentencing guideline range when a defendant was sentenced in the post-*Booker* era where guidelines are advisory, not mandatory.

Additionally, while a defendant does have a due process right to be sentenced based on accurate information, petitioner's reliance on *United States v. Tucker* is misplaced because it is clearly distinguishable from the present case. *U.S. ex rel. Welch v. Lane*, 738 F.2d 863, 864 (7th Cir. 1984) (citing *United States v. Tucker*, 92 S.Ct. 589, 591 (1972); *Townsend v. Burke*, 68 S.Ct. 1252 (1948)). In *Tucker*, the sentencing court was unaware that two of the defendant's prior convictions were invalid because they had been obtained in violation of his right to counsel. *Id.* at 592. Here, the allegedly inaccurate information is not the fact of the prior conviction; it is the classification of the prior conviction as a crime of violence. The question of whether a prior crime qualifies as a crime of violence is a legal question,

not a factual one. Therefore, *Tucker* is inapplicable in the present matter.

## V. Conclusion

Accordingly, the Court **DENIES** Petitioner's Motion for Reconsideration. (Doc. 26).

**IT IS SO ORDERED.**

Judge Herndon
2018.10.16
15:17:44 -05'00'

**United States District Judge**